**Lawrence Ray YANT, Appellant,**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 25563.**

United States Court of Appeals Fifth Circuit.

June 14, 1968.

Lawrence Ray Yant, pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and SUTTLE, District Judge.

PER CURIAM:

Lawrence Ray Yant appeals from the district court's denial of his petition for habeas corpus. While appeal was pending relative to his conviction for aggravated post office robbery, 18 U.S.C. § 2114, appellant was taken from a United States penitentiary to Indiana for prosecution on a state charge of robbery. The writ of habeas corpus ad prosequendum issued by the state court authorized his presence for trial but did not purport to authorize his subsequent service of any state sentence. He was convicted of robbery in state court and, by an error of the sheriff, was taken to an Indiana state prison on July 20, 1966 to commence service of the sentence. When the federal authorities learned of this, they immediately took steps to obtain appellant's return to their custody, which was effected on or about August 9, 1966, after the state court on August 4, 1966 had granted his motion for new trial.

The prison record showed that appellant lost no credit for time served on his federal sentence as a result of time spent in Indiana. Subsequently, his federal conviction was affirmed. United States v. Yant, 6th Cir. 1967, 373 F.2d 543.

The district court held that Yant was merely "loaned" to the state for a limited purpose and that the federal government never acquiesced in his service of the state sentence. The record abundantly supports this finding. His temporary release to the state by the federal government was a matter of comity between sovereigns of which he cannot be heard to complain. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Jones v. Taylor, 10th Cir. 1964, 327 F.2d 493, cert. denied, 377 U.S. 1002, 84 S.Ct.1937, 12 L.Ed.2d 1051; Craig v. Hunter, 10th Cir. 1948, 167 F.2d 721; Stamphill v. Johnston, 9th Cir. 1943, 136 F.2d 291, cert. denied, 320 U. S. 766, 64 S.Ct. 70, 88 L.Ed. 457.

The Judgment of the district court is Affirmed.