**James E. BILTON, Jr., Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 26456.**

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1968.

James E. Bilton, Jr., pro se.

Thomas F. Keever, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

\* Of the First Circuit, sitting by designation.

**PER CURIAM:**

Appellant seeks reversal of the district court's order dismissing his petition for the writ of habeas corpus. We affirm.

Appellant is a Texas convict who was sentenced to serve four seven-year concurrent terms, having been convicted of four separate offenses of burglary and theft upon his plea of guilty. The sentences were to date from November 13, 1963. While appellant was awaiting to be taken into custody by agents of the Texas Department of Corrections, he was turned over to a U. S. Marshal which led to his incarceration in the Federal Penitentiary in Kansas. After serving his sentence, appellant was delivered to the State authorities who had a detainer on him. Appellant is now serving the balance of his state sentence in the state penitentiary.

Appellant alleges that the state lost jurisdiction over him when he was released to the federal authorities, and his present incarceration is a denial of due process under the Fourteenth Amendment to the U. S. Constitution, citing Shields v. Beto, 5 Cir. 1967, 370 F.2d 1003. However, the circumstances which constituted a waiver of jurisdiction in the Shields case are not present in the case before us. Here, the State of Texas has done nothing which may be construed as showing a lack of interest in the return of the prisoner following his release from the federal prison. In fact, a detainer was issued immediately upon his release by federal authorities; therefore, the lack of interest by the state that was present in the Shields case does not appear here.

Appellant's contentions as to when his sentence began to run and the amount of credit he should receive for the time he served on his federal sentence are matters for the state courts to consider. Beto v. Sykes, 5 Cir. 1966, 360 F.2d 411.

**666**

Therefore, the order of the district court dismissing the petition for a writ of habeas corpus is affirmed.

Affirmed.