**Frank HANKS, Petitioner-Appellant,**

v.

**Loren WIDEMAN, U. S. Marshal, Respondent-Appellee.**

**No. 30078**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1970.

Frank Hanks, pro se, appellant.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal by a federal prisoner from the district court's denial of his petition for habeas corpus relief. We affirm.

The petitioner, Frank Hanks, was convicted in the Florida State courts and sentenced to a term of seven years in the state penitentiary. He was released from State custody on a writ of habeas corpus ad prosequendum and was subsequently convicted in Federal Court on a plea of guilty to a violation of Section 4704(a) of Title 26 U.S.Code. On March 4, 1966, Hanks was sentenced to a term of five years in the Federal penitentiary, but before he began to serve

---

\* ▮▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

his Federal sentence, he was returned to the State authorities to serve the remainder of his State sentence. A detainer was then placed against him by the United States Marshal so that upon the completion of his State sentence he would immediately be delivered to the Federal authorities to commence serving his Federal sentence.

While in State custody, Hanks filed a writ of habeas corpus pursuant to 28 U.S.Code, Section 2254, attacking the legality of his State sentence, Case No. 67–912–Civ-JE, and on July 23, 1968, he was brought to Miami to attend a hearing on that writ.

Following this trip to Miami, the petitioner should have been returned to the custody of the State authorities, but he was instead erroneously transferred by the United States Marshal to the Federal Penitentiary in Atlanta, Georgia on August 4, 1968. He remained in Federal custody until August 27, 1968, when the mistake was discovered and the petitioner was returned to the State penitentiary to complete his State sentence.

The essence of the petitioner's complaint is that the Federal authorities have waived jurisdiction over him because, after having him in their custody for a period of 23 days, albeit as the result of an erroneous transfer, they "released" him to State authorities. Petitioner relies on Shields v. Beto, 5th Cir. 1967, 370 F.2d 1003. In this case the State of Texas released a prisoner after he had served one year of his 40-year Texas sentence to Louisiana authorities to complete service of a Louisiana prison term. Texas did not place a detainer for the prisoner at the Louisiana penitentiary. The prisoner served his time in Louisiana, was released and remained at large for 12 years when he was convicted on a new charge and sentenced to serve two years plus the 39 years remaining on the Texas sentence from which he had been released 28 years earlier. This Court held that the failure of Texas to reacquire jurisdiction over the prisoner for 28 years after his release from Louisiana authorities was the equivalent of a pardon or commutation of sentence.

▮ *Shields* is obviously distinguishable from our case. In the first place, federal authorities in our case did place a detainer for Hanks at the Florida penitentiary. Secondly, there is no evidence of any "loss of interest" in Hanks by the federal authorities comparable to that shown by the state authorities in *Shields*. *See* Bilton v. Beto, 5th Cir. 1969, 403 F.2d 664. *See also* Clifton v. Beto, 298 F.Supp. 1384 (S.D.Tex.1968), aff'd, 5th Cir. 1969, 411 F.2d 1226; Bullock v. Mississippi, 5th Cir. 1968, 404 F.2d 75; Yant v. Blackwell, 5th Cir. 1968, 396 F.2d 808, cert. denied, 393 U.S. 1033, 89 S.Ct. 648, 21 L.Ed.2d 577.

Finally, it appears that Hanks has suffered no hardship from the erroneous transfer to the Federal penitentiary. Indeed, it appears that he has received a windfall, for subsequent to his return to Federal prison on August 27, 1968, the Bureau of Prisons of the Department of Justice determined that Hanks' Federal sentence should commence on July 23, 1968 and run concurrently with his State sentence from that date. Thus, Hanks has received credit on his Federal sentence for the mistaken time served in the Federal prison from August 4 to August 27, plus additional credit for time from the date of his return to the State penitentiary to February 27, 1970, the date of his release to Federal authorities.

Affirmed.