440 F.2d 1063
 Jerry Mack DORROUGH, Petitioner-Appellant,
v.
STATE OF TEXAS, Respondent-Appellee.
No. 30988 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 March 30, 1971.
 
 Jerry M. Dorrough, pro se.
 Arthur K. Bolton, Atty. Gen. of Ga., Atlanta, Ga., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers and Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a federal prisoner seeking to void a detainer warrant filed against him by the State of Texas. We affirm.
 
 
 2
 Appellant was convicted in the Texas state court of bank robbery and was sentenced to twenty-five years imprisonment. While confined in the Dallas County jail, pending his direct appeal, he escaped with a codefendant. To implement their escape they forced a postal employee out of a United States postal vehicle and used it in their effort to get away. Five days later appellant was arrested and returned to the Dallas jail. He was subsequently charged with a federal violation of 18 U.S.C. 2114 and the state turned him over to federal authorities for prosecution. Appellant was convicted and sentenced to twenty-five years imprisonment in the federal penitentiary, where he is presently incarcerated. See Dorrough v. United States, 5 Cir., 1967, 385 F.2d 887 and 397 F.2d 811 (1968).
 
 
 3
 The State of Texas has filed a detainer against Dorrough for the enforcement of the twenty-five year bank robbery sentence. Appellant contends that by turning him over to federal authorities the state surrendered jurisdiction and waived future jurisdiction over him.
 
 
 4
 It is well settled that where state authorities surrender a prisoner to federal authorities for prosecution and service of sentence, the state has not waived its right to have the prisoner returned to its custody for trial or service of sentence, Montos v. Smith, 5 Cir., 1969, 406 F.2d 1243; Bullock v. Mississippi, 5 Cir., 1968, 404 F.2d 75; Bilton v. Beto, 5 Cir., 1968, 403 F.2d 664. The circumstances which constituted a waiver of jurisdiction in Shields v. Beto, 5 Cir., 1967, 370 F.2d 1003, are not present in this case.
 
 The judgment of the district court is
 
 5
 Affirmed.