Van Ray MILLS, Petitioner-Appellant,

v.

Dr. George BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–3052.

United States Court of Appeals,
Fifth Circuit.

April 9, 1973.

Rehearing and Rehearing En Banc
Denied May 10, 1973.

Van Ray Mills, pro se; Donald L. Kraemer, Staff Counsel for Inmates, Tex. Dept. of Correction, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Howard Fender, Lang A. Baker, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, GODBOLD and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal by Van Ray Mills, appellant, from the denial of habeas corpus in a Texas state criminal matter.

The facts are succinctly stated by respondent Beto, Director of the Texas Department of Corrections, in his brief as follows:

In 1954, while imprisoned in the State of Oklahoma, Appellant was charged in Grayson County, Texas, with the criminal offense of forgery and passing. The Texas authorities issued an arrest warrant on this charge and also lodged a detainer against him at the Oklahoma State Penitentiary. In December, 1958, Appellant escaped from the Oklahoma State Penitentiary and fled to Grayson County, Texas, where he committed an armed robbery and stole an automobile. Appellant was captured in Grayson County, Texas, three days after his escape from the Oklahoma Penitentiary. In January of 1959, Appellant was indicted in Grayson County, Texas, for the theft and armed robbery committed after his escape and also for the 1954 offense of forgery and passing. On January 19, 1959, Appellant entered a plea of guilty in the 15th District Court of Grayson County, Texas, to all three of these offenses and was sentenced to ten years for theft of the automobile, twenty-five years for robbery by assault, and seven years for the 1954 forgery and passing indictment.

These sentences were to run concurrently. Subsequently, in response to a request from the Governor of Oklahoma, the Governor of Texas executed an unconditional warrant for the extradition of Appellant to Oklahoma on the charges of assault with intent to kill in connection with his escape from the Oklahoma Penitentiary and also to complete the service of his original sentence in Oklahoma.

In 1967, Appellant completed serving his original sentence as well as the sentence assessed in connection with his escape. Because of the detainer lodged in 1954 by Texas relating to the forgery and passing charge, the Oklahoma Penitentiary authorities notified the Sheriff of Grayson County, Texas. Appellant signed a waiver of extradition and returned to Texas.

Appellant's contentions are twofold. First, he contends that when Texas permitted his extradition to Oklahoma under an unconditional warrant, its action constituted a waiver of jurisdiction and is equivalent to a pardon or commutation of sentence. Secondly, that the failure of Texas to give him "good time" credit on his Texas sentence for the period of incarceration in the Oklahoma Penitentiary deprived him of constitutional rights under the Fourteenth Amendment.

■ On his first contention appellant relies most strongly on our decision in Shields v. Beto, 5 Cir., 1967, 370 F.2d 1003, to the effect that the unconditional release to Oklahoma before expiration of his Texas sentence constituted a waiver of jurisdiction. However, we held in Shields that delivery of the prisoner to Louisiana authorities by Texas before expiration of the prisoner's Texas sentence constituted a waiver of jurisdiction over Shields, "especially where the surrendering sovereign (Texas) showed no interest in the return of the prisoner, either by agreement between the sovereigns, by detainer, or any other affirmative action taken by it following his release in Louisiana." 370 F.2d at 1005–1006. Texas showed no interest in Shields until a lapse of 28 years after he was extradited by Texas to Louisiana, and 18 years after he was paroled from the Louisiana Penitentiary, free to go as he pleased. *See also* Bilton v. Beto, 5 Cir., 1968, 403 F.2d 664, 665.

In the present case, differing from *Shields*, appellant upon his release by Oklahoma was placed in custody of Texas police officers who were waiting at the jail house door to return him to Texas to serve his sentence there. He was not free even for a moment. He was released to Texas authorities because of the pendency of the original 1954 detainer placed by Grayson County, Texas, officials.

There is no indication whatsoever here that Texas had abandoned its interest in appellant or that it intended to waive jurisdiction in his case. The facts are all to the contrary. Texas' action, therefore, in releasing defendant to Oklahoma cannot be inferred as a waiver of jurisdiction or the granting of pardon or commutation of sentence.

■ There is no merit to appellant's second contention that he was entitled to "good time" credit on his Texas sentence for the period while he was incarcerated in Oklahoma. Texas did accord him "straight time" for the period served in Oklahoma but declined to credit him with "good time" for that period. *See* Bilton v. Beto, 5 Cir., 1968, 403 F.2d 664; Beto v. Sykes, 5 Cir., 1966, 360 F.2d 411; McGinnis, Commissioner v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282.

Affirmed.