**Norman HOLTZINGER, Petitioner-Appellant,**

**v.**

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 73–1794.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1974.

---

Norman Holtzinger, pro se.

Robert C. Flowers, Asst. Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Norman Holtzinger, an inmate of the Texas Department of Corrections, appeals from an order of the district court dismissing his petition for the writ of habeas corpus. We affirm.[1]

In February of 1955 appellant was convicted in a Texas state court of robbery by assault and was sentenced to 25 years imprisonment. The conviction was affirmed in Holtzinger v. State, 1955, 162 Tex.Cr.R. 231, 284 S.W.2d 158. On May 4, 1963, he was paroled and granted permission to move to and be subject to the supervision of the state of California. On April 1, 1965 he was convicted in a California state court of robbery by assault and was sentenced to life imprisonment. On April 23, 1965 Texas revoked his parole and a parole violator warrant was filed against him. On May 1, 1969 California handed appellant into the custody of Texas.

In his habeas petition filed below appellant contended that the state of Texas lost its jurisdiction over him due to its undue delay in regaining custody over him and by having him serve his sentence piecemeal. He claimed credit on his Texas sentence for the time spent while incarcerated in California, for time spent on parole, and for "good time" for the time confined in California. The district court held that the question of "good time" does not present a federal constitutional issue and dismissed the petition. On March 22, 1973 appellant was paroled by Texas to the custody of California, where he is now serving his California sentence.

The state of Texas did not lose jurisdiction over the appellant. The parole violator warrant was filed in the same month that appellant was convicted in California, and took custody of him as soon as he was released by California. Therefore Texas has not demonstrated the lack of interest requisite to establishing a waiver of jurisdiction. See Shields v. Beto, 5th Cir. 1967, 370 F.2d 1003; also Dorrough v. State of Texas, 5th Cir. 1971, 440 F.2d 1063; Bilton v. Beto, 5th Cir. 1968, 403 F.2d 664.

It is firmly established that a Federal inmate who has violated the conditions of his parole is not entitled to credit on his sentence for the time spent on parole. 18 U.S.C. § 4205; Blanchard v. United States, 5th Cir. 1970, 433 F.2d 13; Garnett v. Blackwell, 5th Cir. 1970, 423 F.2d 1211; Clark v. Blackwell, 5th Cir. 1967, 374 F.2d 952. Also, this Court has held that the awarding of "good time" is a matter of state law, not a federal constitutional issue. Quirke v. Beto, 5th Cir. 1967, 373 F.2d 739; see Grossnickle v. Alabama, 5th Cir. 1969, 415 F.2d 864. Furthermore, "good time" is provided by the Texas legislature "to encourage prison discipline" by rewarding the good conduct of the inmates in the Texas Department of Corrections (TDC). Title 108 Vernon's Annotated Civil Statutes, Article 6184*l*. Logically, then, "good time" can only be awarded by the TDC to reward the conduct in Texas institutions. Appellant is not entitled to "good time" credit on his Texas sentence for the period incarcerated in California. Mills v. Beto, 5th Cir. 1973, 477 F.2d 124. The judgment below is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31,

Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.