**Larry L. TILLERY, #28355–120,**
**Petitioner-Appellant,**

**v.**

**Richard W. WEITZENFELD, as Sheriff**
**of Manatee County, Florida, et al.,**
**etc., Respondents-Appellees.**

**No. 73–2632**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1974.

Robert H. MacKenzie, Tampa, Fla. (Court-appointed), for petitioner-appellant.

John J. Blair, State's Atty., Bradenton, Fla., Richard W. Seymour, Sarasota, Fla., for respondents-appellees.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

We find ourselves, because of an incomplete record and summary disposition below, unable to rule in this appeal and accordingly vacate the district court order denying a petition for writ of habeas corpus and remand for further proceedings.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

After being charged, convicted for breaking and entering and sentenced to a term of five years in state confinement by a Florida court in Manatee County on July 12, 1971, the petitioner was delivered to authorities in an adjoining county, Sarasota, for prosecution on an additional state charge pending there, the offense there charged also being breaking and entering. He escaped from the Sarasota County jail and was arrested a day or so later December 11, 1971 by federal officers at the Tampa, Florida International Airport under a federal warrant charging unlawful flight to avoid prosecution based on the escape from jail. Title 18, U.S.C. Sec. 1073. He was lodged in the Hillsborough County Jail at Tampa, Florida as a federal prisoner and the Sarasota County authorities were notified. Neither Sarasota nor Manatee County, nor State of Florida officials took any step to attain his custody. If any of these authorities have later attempted to secure his custody, there is nothing in the record before us to indicate that.

Based on an altercation with arresting officers at the Tampa airport, and resistance to their arrest, petitioner was charged by indictment in the U. S. District Court for the Middle District of Florida with (1) attempting to escape from the custody of the Attorney General or his authorized representative, Title 18, U.S.C. Sec. 751(a), and (2) impeding a deputy United States Marshal in the performance of his official duties, Title 18, U.S.C. Sec. 111. He pled guilty to these charges and was, on April 21, 1972 adjudged guilty and sentenced by a judge of that court to concurrent three year confinement sentences. The commitment also specified that "the sentence imposed herein shall run concurrently with the State sentence he is now serving." The petitioner is presently confined at the United States Penitentiary, Terre Haute, Indiana under this commitment. Below he sought habeas relief from the Florida detainers lodged with the federal prison authorities. The appeal is from denial of the petition.

Tillery's petition asserts the right to be discharged from the Manatee County sentence and from the Sarasota County charge. He has made some efforts to exhaust state remedies, sketchily indicated in the record by his letters (and attachments thereto) to the court below and its magistrate, and amplified outside the record by court-appointed counsel's brief. If he has in fact exhausted state remedies he is entitled to a hearing to determine whether he should be discharged from one of the Florida detainers, the one based on pending Sarasota County charges, under a line of authorities developed by the Supreme Court of the United States dealing with state delay in providing speedy trial to prisoners serving sentences in other jurisdictions.[1]

1. Klopfer v. North Carolina, 1967, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607; Dickey v. Florida, 1970, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26; Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. Hoskins v. Wainwright, 5 Cir. 1971, 440 F.2d 69; 5 Cir. 1972, 472 F.2d 158 (vacated 485 F.2d 1186, 1187); 5 Cir. 1973, 485 F.2d 1186, is an instructive example of the proper application of the principles developed by the Supreme Court in the cited cases.

Of course, impermissible delay in prosecution would apply only to the pending Sarasota County charges. It appears at least from the petition that the present detainers are based upon both the pending Sarasota County charge and also upon the Manatee County conviction.

The only Florida authority to respond to the petition in the district court, the Manatee County Sheriff, asserted that he had parted with custody of Tillery when he transported him to Sarasota County under court order, and that he has no process whatsoever pending against the petitioner.

This response might have inspired the district court or its Magistrate to add as a respondent the Director of the Florida Department of Corrections, but it did not.

No brief has been filed before us by either Sheriff appellee, or by any state authority, although counsel appointed by this court to represent appellant here has produced an excellent brief.

Under Local Rule 18 of the Middle District of Florida, petitions for habeas corpus routinely are initially assigned to a magistrate of that court for attention. The magistrate here issued a rule requiring the two Sheriff respondents to reply to the petition, which was couched both in habeas corpus and mandamus terms, within 20 days and to show cause why the writ of habeas corpus should not be issued.[2] As indicated, supra, note 1, only the Sheriff of Manatee County responded, and he disclaimed any interest in or authority over the petitioner.

Thereafter the magistrate examined the petition, and recommended its denial on the narrow basis that Florida had never relinquished custody to federal authorities.[3] The petition was denied by the district court on the same basis and this appeal ensued, the district judge granting a certificate of probable cause under F.R.App.P. 22(b) and allowing the appeal to proceed *in forma pauperis*. While this decision disposed of the attack on the Manatee County conviction, it left undecided the questions attempted to be raised as to the pending Sarasota County charges.

On the record presented the only determination we are able to reach is that the record brought here is of no value in weighing the merits of that portion of this appeal. We vacate the judgment below and remand to the district court with directions to reconsider the petition as to both detainers.

The Director, Florida Division of Corrections, should be added as a Respondent and directed to attach to his Response a complete record of all state court post conviction proceedings in the Circuit Courts of Manatee and Sarasota Counties, Florida, the Second District Court of Appeals of Florida and the Supreme Court of Florida.

The district court should then determine on the basis of such records whether or not all available state remedies have been exhausted by the petitioner, or in the alternative whether circumstances exist rendering the available state process ineffective. Title 28, U.S. C. Sec. 2254(b) and (c). If further state remedies are available the petition may be dismissed without prejudice.

Should the district court determine that state remedies have been exhausted or are no longer available, an evidentiary hearing in that court may or may not be required. If one is held, the procedures outlined in Title 28, U.S.C. Sec. 2254(d) and (e) should be adhered to.

In order that these steps may be undertaken the judgment appealed from is vacated and this cause is remanded to the district court.

Vacated and remanded with instructions.

---

The claim of Tillery as to the Manatee conviction is that Florida relinquished all claim to him when it failed to take custody upon his arrest and incarceration in the Hillsborough County Jail, Tampa, Florida. This claim was dealt with on the merits adversely to Tillery by the magistrate and district court below on the basis of the established right of the two sovereigns to arrange custody without consulting a prisoner. At any event, the sentence from Manatee County is being served by Tillery in the federal penitentiary under the terms of his federal commitment of April 21, 1972. See text, supra.

2. The magistrate treated the petition as one for habeas corpus only.

3. The record contains no indication, other than the bare statements, not backed by findings, that custody was not relinquished, that either the magistrate or the district judge gave consideration to the question of whether Florida has demonstrated the lack of interest in Tillery requisite to establishing a waiver of jurisdiction. See Shields v. Beto, 5 Cir. 1967, 370 F.2d 1003; Bilton v. Beto, 5 Cir. 1968, 403 F.2d 664; Bullock v. Mississippi, 5 Cir. 1968, 404 F.2d 75; Montos v. Smith, 5 Cir. 1969, 406 F.2d 1243; Dorrough v. State of Texas, 5 Cir. 1971, 440 F.2d 1063; Holtzinger v. Estelle, 5 Cir. 1974, 488 F.2d 517.