**Ollie McKINNIS, Jr., Petitioner,**

v.

**Lt. James MOSELY, et al., Respondents.**

**No. 82–7061**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 13, 1982.

Ollie McKinnis, Jr., pro se.

Larry L. Raby, Montgomery, Ala., for respondents.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

1. 42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen . . . or other

**PER CURIAM:**

The basic facts of this case are not in dispute. Petitioner Ollie McKinnis, Jr., presently an inmate of Holman Prison in Alabama, had been confined in Fountain Correctional Institute in that state at the time of the events that led to this action. During visiting hours at Fountain, McKinnis and his wife were discovered in the women's restroom of the visiting yard. She was immediately sent home and he was placed in administrative segregation in Holman's segregation unit. Two days after the incident, a three-man disciplinary board held a hearing and found McKinnis guilty of being in an unauthorized area with his wife. The board sentenced him to confinement in segregation and denial of contact visits for thirty days.

McKinnis filed a pro se complaint in district court, basing jurisdiction on 42 U.S.C. § 1983[1] and contending that he was denied due process in that he was punished prior to the disciplinary hearing and that his conduct was not a violation of the precise rule under which he was charged. The thrust of the complaint's prayer for relief was damages, but it also sought ancillary orders that McKinnis be transferred back to Fountain at his original job assignment and that any record of the disciplinary proceeding be expunged from his file.

The case was referred to a magistrate. The magistrate recommended that the complaint be dismissed without prejudice because the case was "in reality a petition for the writ of habeas corpus" and because McKinnis had failed to exhaust state remedies prior to filing in federal court. The district court adopted the opinion of the magistrate, and McKinnis appealed to this court.

The sole issue briefed on appeal is whether the case is cognizable under habeas

person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

corpus or under section 1983. The Supreme Court has long recognized that the classification of a given case under habeas corpus as opposed to section 1983 is a question of "considerable practical importance." *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1829–1830, 36 L.Ed.2d 439 (1973). The federal habeas statute provides that habeas claims are subject to the requirement of exhaustion of state remedies. *See* 28 U.S.C. § 2254(b).[2] In general, petitioners who base jurisdiction on section 1983 need not exhaust either state judicial remedies or state administrative remedies. *See Patsy v. Board of Regents*, —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Although the no-exhaustion rule for section 1983 cases is not absolute, *see, e.g.*, 42 U.S.C. § 1997e,[3] none of the exceptions appear applicable to the present case. Thus, if this case may be brought under section 1983, McKinnis need not first exhaust his state judicial or administrative remedies.

McKinnis contends on appeal that his suit for monetary damages can properly be brought under section 1983. He insists that he is not challenging the fact or the duration of his sentence, but only the due process involved in the summary suspension of his wife's visiting rights. The state, citing *Keenan v. Bennett*, 613 F.2d 127, 129 (5th Cir.1980) and *Johnson v. Hardy*, 601 F.2d 172 (5th Cir.1979), responds that because McKinnis does not challenge the constitutionality of the prison disciplinary system as a whole, but only the manner in which he

was punished, the complaint properly was treated as a habeas action.

Although there may well be an "ambiguous borderland" between habeas corpus and section 1983, M. Bator, P. Mishkin, D. Shapiro, H. Wechler, Hart and Wechsler's The Federal Courts and the Federal System 415 (1981 Supp.), we have no difficulty in concluding that this case falls within the territory governed by section 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that habeas corpus was the exclusive remedy of state prisoners challenging the sufficiency of a hearing that deprived them of good-conduct-time credits. The Court noted that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody" and concluded that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Id.* at 484, 490, 93 S.Ct. at 1833, 1836.

The Court in *Preiser* took pains to observe that the case before it concerned equitable relief only and that "a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." *Id.* at 494, 93 S.Ct. at 1838. This dicta in *Preiser* became holding in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). State prisoners in *Wolff* brought a section 1983 action seeking damages for denial of good-

---

**2.** 28 U.S.C. § 2254(b) provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

**3.** § 1997e. Exhaustion of remedies

Applicability of administrative remedies

(a)(1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if

the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed ninety days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.

(2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section.

*See also Patsy v. Board of Regents*, —— U.S. ——, ——, 102 S.Ct. 2557, 2564–66, 2578–79, 73 L.Ed.2d 172 (1982).

time credits suspended following a disciplinary hearing that allegedly violated the due process clause. The Court held that such a claim for damages was cognizable under section 1983:

> The complaint in this case sought restoration of good-time credits, and the Court of Appeals correctly held this relief foreclosed under *Preiser*. But the complaint also sought damages; and *Preiser* expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings. Respondent's damages claim was therefore properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct. Such a declaratory judgment as a predicate to a damages award would not be barred by *Preiser;* and because under that case only an injunction restoring good time improperly taken is foreclosed, neither would it preclude a litigant with standing from obtaining by way of ancillary relief an otherwise proper injunction enjoining the prospective enforcement of invalid prison regulations.

*Id.* at 554–555, 94 S.Ct. at 2974 (citation and footnote omitted).

 The damages versus equitable relief distinction is not a talisman, however. The proper rubric for a particular cause of action ought not be determined "solely on the basis of the relief sought, i.e., actions for money damages may go forward while actions for injunctive relief from incarceration may not." *Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir.1976), *aff'd en banc,* 550 F.2d 342 (1977). A panel of the former fifth circuit, in *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir.1979), noted that

> The rule then is that any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under § 1983 without any requirement of exhaustion of state judicial remedies.

Courts should be governed by these classifications regardless of the relief sought or the label placed by the petitioner upon such action.

(emphasis in original). *Accord, Keenan v. Bennett,* 613 F.2d 127 (5th Cir.1980).

 While we wish to avoid the tyranny of labels and while cases involving mixed legal and equitable claims may prove difficult to classify, *Wolff* stands for the proposition that a cause of action seeking damages alone and not challenging the fact or duration of confinement may be brought under section 1983. All of the cases cited by the state in the present case sought restoration of good-time credits. *See Keenan v. Bennett,* 613 F.2d 127 (5th Cir.1981); *Johnson v. Hardy,* 601 F.2d 172 (5th Cir. 1979). Good-time statutes provide for the reduction of an inmate's sentences in exchange for his good behavior and the faithful performance of his duties. Thus, good-time credits clearly affect the duration of confinement, and causes of action based on loss of such credits are properly cognizable under habeas even when they also include a prayer for damages. McKinnis does not seek to reduce the duration of his sentence: he seeks money damages because his wife was immediately sent home after the incident occurred and because the hearing occurred only after he had been placed in segregation. Even if McKinnis prevails on all of his claims and receives all of the relief he demands, the duration of his sentence will not be shortened by one moment. The fact that he seeks equitable relief in addition to damages does not change this result; the presence of such "ancillary relief," *see Wolff v. McDonnell,* 418 U.S. at 555, 94 S.Ct. at 2974 is not dispositive. Therefore, the district court should have reviewed this case on the basis of its sufficiency as a section 1983 action.

 Having concluded that McKinnis' case is properly predicated on section 1983, the issue now becomes whether he stated a claim upon which relief can be granted so as to survive a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Section 1983 is not self-executing; the stat-

ute itself creates no substantive rights. Section 1983 provides only that certain deprivations of "rights, privileges, or immunities secured by the Constitution and the laws" give rise to private causes of action. The threshold question in evaluating the sufficiency of a section 1983 claim is whether any federal or constitutional issue was involved.

█ The district court did not find that McKinnis had failed to state a cause of action; its disposition of the exhaustion issue rendered such a finding unnecessary. It is apparent to us, however, that petitioner's complaint was subject to dismissal. We recognize, of course, that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We are also sensitive to our responsibility to judge petitioner's complaint in the light of the liberal reading accorded pro se prisoner complaints. *Taylor v. Gibson,* 529 F.2d 709, 714 (5th Cir.1976).

█ Petitioner's claim is that he was denied due process in two respects only: first, he was placed in segregation at the time his misconduct was discovered although his disciplinary hearing was not held until two days later; second, he was punished under prison rule 18 which proscribed his being in an unauthorized area rather than under rule 14, which concerns disobedience of a direct order and is the rule he contends was applicable.

We have no difficulty in understanding petitioner's complaint. We are equally free of doubt in concluding that there is no identifiable federal or constitutional issue involved. Petitioner's complaint could properly have been dismissed with prejudice under 28 U.S.C. § 1915. He cannot complain that the district court mistakenly dismissed it without prejudice.

AFFIRMED.