805 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Antonio WINSLOW, Plaintiff-Appellant,
v.
M.C. SAMBERG, Warden, Defendant-Appellee.
 No. 86-7603.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 10, 1986.
Decided Nov. 14, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., District Judge. (C/A No. 86-300-AM)
 Antonio Winslow, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before RUSSELL, WIDENER and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Antonio Winslow, a Virginia inmate, appeals the district court's dismissal of his action brought under 42 U.S.C. Sec. 1983. In his complaint, Winslow alleged the following constitutional violations:
 
 
 2
 (1) on October 2, 1985, he asked Warden Samberg of the Virginia State Penitentiary to prevent David Kennedy from bringing Winslow his blood pressure medication. Samberg refused Winslow's request, and thereafter Winslow was attacked by Kennedy;
 
 
 3
 (2) Samberg overlooked Winslow's grievances; and
 
 
 4
 (3) Samberg caused Winslow to live in a cell without a sink or water from October 2, 1985, until February 11, 1986.
 
 
 5
 As relief, Winslow sought "all my good time back," a cessation of his cruel treatment, an early parole date or his immediate release, placement on work release if he had to remain in prison, and $55,000 in damages.
 
 
 6
 The district court ordered that the complaint be conditionally dismissed. It reasoned that suits for the restoration of good-time credits are cognizable only under 28 U.S.C. Sec. 2254, citing Preiser v. Rodriguez, 411 U.S. 475 (1973). Construing plaintiff's complaint, under Preiser, as an application for a writ of habeas corpus, the district court noted that Winslow seemingly had not exhausted his state court remedies. It ordered conditional dismissal of the suit in order to permit Winslow to exhaust his state court remedies. When Winslow failed to demonstrate that he had exhausted his state court remedies, the district court dismissed the action without prejudice. This appeal followed.
 
 
 7
 An initial issue in this case is whether this action is cognizable under habeas corpus or under 42 U.S.C. Sec. 1983. The federal statute provides that habeas claims are subject to the requirement of exhaustion of state remedies, as the district court recognized. See 28 U.S.C. Sec. 2254(b). In general, with some exceptions not relevant here, persons basing jurisdiction on Sec. 1983 need not exhaust either state judicial remedies or state administrative remedies. See Patsy v. Board of Regents, 457 U.S. 496 (1982). Thus, if this case may be brought under Sec. 1983, Winslow need not first exhaust his state court remedies.
 
 
 8
 To determine whether a claim is cognizable as a habeas corpus action or under Sec. 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether it is a challenge to the conditions of confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir.1983); McKinnis v. Mosely, 693 F.2d 1054, 1057 (11th Cir.1982). The nature of the relief sought is not necessarily determinative, however. "The proper rubric for a particular cause of action ought not to be determined 'solely on the basis of the relief sought, i.e., actions for money damages may go forward while actions for injunctive relief from incarceration may not.' " Id. (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir.1976), aff'd en banc, 550 F.2d 342 (1977)).
 
 
 9
 Preiser, and the doctrine that a federal equity court in fashioning a remedy must afford relief no broader than necessary to remedy the constitutional violation, may foreclose the forms of relief sought. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974) (action under Sec. 1983 maintainable although relief by way of restoration of good-time credits foreclosed under Preiser as well as under Sec. 2254); Todd, supra, at 72-73. See also Kendrick v. Bland, 740 F.2d 432, 437 (6th Cir.1984) (remedy may be only so much as required to correct specific constitutional violation). Nevertheless, if the challenge is to the conditions of the confinement, the action is cognizable as a Sec. 1983 claim.
 
 
 10
 Here, the claims asserted by Winslow concern basically the conditions of his confinement. Relief in the form of release or partial release from the penitentiary is, it would seem, foreclosed. The action thus falls under Sec. 1983. Therefore, dismissal for failure to exhaust state court remedies was inappropriate. However, in the interest of clarity Winslow should be required to file a particularized statement of his claim under Sec. 1983, and failure to do so will warrant dismissal. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965).
 
 
 11
 Accordingly, a certificate of probable cause to appeal is granted. The judgment of the district court is vacated and the case is remanded. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 12
 VACATED AND REMANDED.