872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cleve MESSER, Plaintiff-Appellant,
v.
Janet RADER, Member/Secretary, West Virginia Board of Parole
and Probation, individually and officially, Frank LePage,
Member, West Virginia Board of Parole and Probation,
individually and officially, Defendants-Appellees.
 No. 88-7827.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1989.
Decided March 22, 1989.
 
 Cleve Messer, appellant pro se.
 Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cleve Messer, a West Virginia inmate, seeks relief under 42 U.S.C. Sec. 1983 because of the manner in which he was denied parole. Specifically, Messer claims (1) his parole hearing was in violation of state law because it was conducted by two, not three, members of the parole board, see W.Va.Code Sec. 62-12-12; (2) one of the reasons given for the denial of parole was "unclear"; and (3) some factors deemed neutral in Messer's case have been held to be positive factors in other cases. The district court construed this complaint as one brought pursuant to 28 U.S.C. Sec. 2254 and dismissed it for lack of exhaustion.
 
 
 2
 We agree with Messer that his claim is properly brought under Sec. 1983. While we acknowledge that construction of these complaints often involves an " 'ambiguous borderland' between habeas corpus and section 1983," McKinnis v. Mosely, 693 F.2d 1054, 1056 (11th Cir.1982), we conclude that Messer's complaint is more properly viewed as a Sec. 1983 action because he seeks monetary relief and not any entitlement to release, now or in the future. See Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir.1983); Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir.1978). Moreover, an examination of the substance of Messer's claims shows that he challenges "the manner of ... decision-making, not its outcome." Todd, 712 F.2d at 73 n. 1 (citing Williams v. Ward, 556 F.2d 1143, 1150 (2d Cir.1977)). Therefore, we conclude that Messer's complaint is properly viewed as a Sec. 1983 action and not subject to the exhaustion requirement. Patsy v. Board of Regents, 457 U.S. 496 (1982).
 
 
 3
 Nonetheless, our examination of the merits of Messer's claims compels us to affirm the dismissal of the complaint. We note that, as to claim (1), Messer has stated, at best, a state law violation. However, having only two members of the parole board review his case does not state a constitutional violation. See Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.) (en banc), cert. denied, 435 U.S. 1003 (1978). Regarding claims (2) and (3), Messer seeks review of the parole decision. However, in the parole setting, we are strictly limited to matters of procedure. See Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir.1986). When Messer received a letter fully explaining the denial of parole, he got all the process he was due. Franklin, supra. Therefore, none of Messer's claims have merit and were properly dismissed as frivolous.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.