Claude HOLLAND, Plaintiff,

v.

Charles RUBIN, Administrative Justice, Supreme Court, Eugene Gold, District Attorney, Brooklyn, Detective Marina, N. Y. P. D., Theodore West, Warden, Brooklyn House of Detention, Moses M. Weinstein, Administrative Justice, John J. Santucci, District Attorney, Queens, Detective John Daly, N. Y. P. D. 114 Pct, F. Calavito, Warden, Queens House of Detention, Defendants.

No. 77 C 1993.

United States District Court,
E. D. New York.

Nov. 14, 1978.

Claude Holland, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for defendants Gold and Thompson by Clement H. Berne, Deputy Asst. Atty. Gen., New York City.

John J. Santucci, Dist. Atty., Queens County, Kew Gardens, for defendants Santucci and Weinstein by Ira I. Schreiber, Asst. Dist. Atty., Far Rockaway.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff *pro se* brought this action under 42 U.S.C. § 1983 to recover money damages from two District Attorneys, two State court justices, two superintendents of penal institutions, and two police officers for their parts in bringing about plaintiff's arrest and incarceration. Specifically, he charges the defendants with violations of his fourth, fifth, sixth, eighth and fourteenth amendment rights arising out of his interrogation, prosecution and subsequent detention. Defendants Gold and Santucci, District Attorneys for Kings and Queens Counties, respectively, and defendants Weinstein and Thompson, the State court justices move for dismissal of the complaint on the ground that it fails to state a claim upon which relief may be granted. Rule 12(b)(6), F.R. Civ.P.

On December 14, 1977, plaintiff was convicted after a jury trial in Supreme Court, Queens County, of second degree murder and was sentenced to 25 years to life imprisonment. On January 19, 1978, during a jury trial in Supreme Court, Kings County, plaintiff pleaded guilty to four counts of first degree robbery and was sentenced to two concurrent terms of four and one-half to 15 years imprisonment to run concurrently with the previously imposed sentence. Plaintiff's appeals from these judgments of conviction are currently pending. In this action, plaintiff seeks to recover money damages for his allegedly unlawful arrest, illegal search and seizure, excessive bail, untimely prosecution and illegal detention. He also seeks an injunction against any further proceedings.

Although the court is mindful that in *pro se* civil rights actions the allegations of the complaint are to be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), there are limits to the ability of a court to divine a cause of action in vague and conclusory allegations of violations of constitutional rights. "Complaints relying upon 42 U.S.C. § 1981 *et seq.* are plainly insufficient unless they contain at least some allegations of facts indicating a deprivation of civil rights." *Fine v. City of New York,* 529 F.2d 70, 73 (2 Cir. 1975). Thus, where, as here, there are merely bald assertions of impermissible conduct, a court need not look behind the allegations of the complaint while applying traditional defenses of immunity to the general conduct alleged to be violative of plaintiff's rights. See *Fine v. City of New York, supra.*

Under this test, plaintiff's claim for money damages against the State court judges is foreclosed by the absolute immunity from civil liability conferred upon judges acting within the scope of their judicial capacities. See *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Plaintiff has not alleged that the judges did not act within their jurisdiction in any of the actions taken in this case, and there is nothing in the complaint which even remotely sug-

gests that they acted extrajudicially.[1] *Cf. Zarcone v. Perry,* 581 F.2d 1039, at 1041 (2 Cir. 1978). Thus, they are protected by their cloak of absolute immunity.

 Similarly, plaintiff's claim for damages against the District Attorneys is precluded by their absolute immunity from suit for actions taken while engaged in the judicial phase of the criminal process. See *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Nothing has been brought to the attention of the court to suggest that any of the actions taken by the prosecutors was not squarely within the scope of their immunity under *Imbler, cf. Briggs v. Goodwin,* 186 U.S.App.D.C. 179, 569 F.2d 10 (1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978), and in the circumstances of the case, it is incumbent upon plaintiff to allege sufficient facts to defeat this immunity. See *Fine v. City of New York, supra.* A contrary conclusion would result in the complete evisceration of the immunity doctrine for prosecutors.[2]

Although the liberal pleading requirements of *Haines v. Kerner, supra,* might conflict to an extent with such an obligation on the part of plaintiff, we conclude that the immunity doctrine requires plaintiff to make some showing why the doctrine should not function to defeat suit at the outset. No such showing has been made here, and thus the claims for money damages must be dismissed against these defendants.[3]

 Insofar as plaintiff's complaint seeks injunctive relief, dismissal as to all defendants is appropriate on two grounds. First, so much of the complaint as seeks injunctive relief from further prosecution or action by the defendants in this case is clearly barred by the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which precludes federal court intervention in pending State criminal proceedings. Where, as here, there is an absence of any pleading of exceptional circumstances and State procedures are still available in which plaintiff's claims may be raised, injunctive relief is inappropriate. See *O'Shea v. Littleton,* 414 U.S. 488, 496,

1. It should be noted that Justice Thompson has been substituted for Justice Rubin as successor to the office of Administrative Justice for Kings County. See Rule 25(d)(1), F.R.Civ.P. See also *Arthur v. Nyquist,* 573 F.2d 134, 139 (2 Cir. 1978). As to the injunctive relief sought in the complaint, substitution is proper, and we need not determine whether it is proper with respect to the damage claims since both judges are plainly protected by absolute immunity.

2. Moreover, it is the rule in this circuit that the doctrine of *respondeat superior* is inapplicable to damage claims asserted under 42 U.S.C. § 1983. *Williams v. Vincent,* 508 F.2d 541, 546 (2 Cir. 1974); *Johnson v. Glick,* 481 F.2d 1028, 1034 (2 Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973); *cf. Wright v. McMann,* 460 F.2d 126, 134–35 (2 Cir.), *cert. denied,* 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972). In order to establish the liability of the defendant, plaintiff is required to make "a showing of some responsibility of the defendant" for the acts upon which his claim is based. *Johnson, supra* at 481; see *Williams, supra* at 546. Here the only references to Gold and Santucci in the complaint are their inclusion as party defendants and the bare recitation that they are District Attorneys for Kings and Queens Counties respectively. Thus, in the absence of some allegation that they were individually responsible for the alleged violations of

plaintiff's civil rights, *Johnson* and *Williams* provide an additional ground for dismissal of the damage claims against them.

3. In *Williams v. Vincent,* 508 F.2d 541 (2 Cir. 1974), the Second Circuit affirmed the dismissal of a § 1983 claim that sought to hold a prison superintendent liable for the misconduct of a prison guard, where the complaint alleged merely that the defendant superintendent was the official in charge of the prison. Here, although the two prison superintendents are not moving parties, it would appear that dismissal of the damage claims is appropriate as to them in view of the absence of any allegation that these defendants were individually responsible for any deprivation of plaintiff's civil rights. Thus, the complaint is dismissed as to the superintendents without prejudice to an application to amend the complaint to allege proper grounds for holding them individually liable, should a factual basis exist for so doing. See *Johnson, supra* at 1034; *Williams, supra* at 546.

Of course, to the extent that plaintiff has named the prison superintendents to effect his release from their custody, his claim is for injunctive relief and is barred for the reasons set out in text *infra.*

499–500, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Gras v. Stevens,* 415 F.Supp. 1148, 1154 (S.D.N.Y.1976). Second, to the extent that plaintiff challenges the legality of his detention, his sole federal remedy is a writ of habeas corpus, which requires exhaustion of State remedies under 28 U.S.C. § 2254. See *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Acero v. Olgaiti,* 410 F.Supp. 1080, 1086 (S.D.N.Y.1976).

Finally, plaintiff's claim for money damages as to the remaining defendants, the two police officers, faces an obstacle similar to that presented by *Younger v. Harris, supra.* In *Martin v. Merola,* 532 F.2d 191 (2 Cir. 1976), the Court of Appeals observed that "[i]n implementing the policy of non-interference, the federal courts must focus upon the practical impact of any potential ruling." *Id.* at 195. In *Martin,* the district court had reached the merits of a § 1983 complaint that alleged, *inter alia,* that plaintiffs' right to receive a fair trial on pending State criminal charges had been impaired by the State prosecutors' announcement to the press that plaintiffs were affiliated with organized crime. The Court of Appeals vacated the judgment and remanded with directions to dismiss the complaint without prejudice, on the grounds that prior to the completion of the State proceedings against the plaintiffs, it would be impossible to evaluate their injury, and that even if it were possible to do so, "it would offend the principle of comity for a federal district court to inquire" into the merits of plaintiffs' claim during a pending State prosecution.

Here, as in *Martin,* the nature and the extent of any injury will necessarily depend upon the outcome of plaintiff's appeals. Thus, it will be impossible fully to reach the merits of his claims without addressing issues which ought first be presented to the State courts. See *Preiser v. Rodriguez, supra.* Where, as here, a decision favorable to a plaintiff in a federal civil rights action may implicitly call into question a State conviction, the federal court should stay its hand until the State criminal proceedings have been concluded.

See *Martin v. Merola, supra* at 195; *Guerro v. Mulhearn,* 498 F.2d 1249, 1251–55 (1 Cir. 1974). Although the *Martin* court directed the district court to dismiss the complaint without prejudice, it now appears that where the State criminal proceedings have progressed beyond the trial stage, the better course is for the district court to retain jurisdiction over the damage claims, but to take no further action pending exhaustion of the State appellate remedies. See *Gilmore v. Gold,* No. 77–8250 (2 Cir. order dated June 23, 1977).

Accordingly, plaintiff's complaint is dismissed insofar as it seeks injunctive relief. It is further dismissed insofar as it seeks money damages against the moving defendants and the prison superintendents. The court will retain jurisdiction over plaintiff's claims for money damages against the police officers, but will take no further action until the criminal proceedings in the State courts have been concluded.

SO ORDERED.