**John DOE, Plaintiff,**

v.

**Philip RUSSOTTI, Asst. District Attorney, New York County, Defendant.**

**No. 78 CIV. 4756 (CBM).**

United States District Court,
S. D. New York.

Nov. 6, 1980.

John Doe, plaintiff, pro se.

Robert M. Morganthau, Dist. Atty., New York County by Brian Rosner and Norman A. Bloch, Asst. Dist. Attys., New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, a New York State prisoner, brought this civil rights action pro se under 42 U.S.C. § 1983, alleging that Philip Russotti, a New York County assistant district attorney, violated his constitutional rights in connection with an agreement between them. Plaintiff seeks declaratory and injunctive relief, as well as punitive and compensatory damages in the amount of $420,-000. Russotti moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. While the complaint and motion to dismiss were filed in late 1978, this court on motion of Russotti ordered the entire file sealed on March 15, 1979, due to the secret nature of the agreement between the parties. For the reasons discussed below, Russotti's motion to dismiss is granted.[1]

On October 28, 1977, following plaintiff's indictment for robbery in New York County, Russotti and plaintiff's attorney executed a written agreement whose purpose was to secure plaintiff's cooperation in the prosecution of a homicide suspect. The agreement provided that, in exchange for plaintiff's testimony before the grand jury and at trial, 1) a plea to a "C" felony would be offered him in satisfaction of the New York County indictment, 2) a representative of the D.A.'s office would speak on his behalf with respect to the agreement at the time of sentencing, and 3) the D.A. would endeavor to have him serve his sentence in a federal facility or, if such arrangement was impossible, at Riker's Island Correctional Facility. Plaintiff testified before the grand jury, and the suspect subsequently pled guilty to manslaughter. Plaintiff pled guilty to first degree robbery in New York County and was sentenced to 5 to 10 years imprisonment.

In essence, plaintiff's claim is that Russotti breached the October, 1977, agreement by failing to secure his safety in prison and by failing to inform the judge who sentenced him of the nature of the agreement, thereby prejudicing his sentence. Plaintiff alleges that Russotti allowed plaintiff and the person against whom he testified to be jailed in the same "block" at Riker's Island and that Russotti "leaked" the fact of plaintiff's cooperation to the prison administra-

---

1. Plaintiff's name has been changed in order to protect his safety.

tion, resulting in the placement of plaintiff's name on the homicide convict's "separation card." Plaintiff was placed in segregation for 8 months while he awaited disposition of the robbery charges against him, and he and his family were threatened by the homicide convict and his associates who found out about plaintiff's grand jury testimony from the separation card. Plaintiff claims that the distress he suffered as a result of these events rendered his guilty plea unintelligent.

■ Plaintiff's claim that Russotti's actions coerced his guilty plea and prejudiced his sentence raise the initial issue of the propriety of a prisoner's suit for damages under 42 U.S.C. § 1983 that in essence challenges the fact or duration of confinement. The general rule in civil rights actions is that exhaustion of state remedies is not a prerequisite. *Monroe v. Pape*, 365 U.S. 167, 193, 81 S.Ct. 473, 487, 5 L.Ed.2d 492 (1963). However, the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus," and the exhaustion requirement applies.

While the holding in *Preiser* only controls requests for injunctive relief, post–*Preiser* cases have held that the reasoning and policy of *Preiser*, as well as the considerations of comity underlying *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), require a federal court to dismiss or stay § 1983 actions for money damages as well when their disposition would involve a ruling on the validity of a state conviction. *See Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 345 (5th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979); *Rogers v. Fuller*, 410 F.Supp. 187 (M.D.N.C.1976); *Derrow v. Shields*, 482 F.Supp. 1144 (W.D. Va.1980); *Galloway v. Watts*, 395 F.Supp. 729 (D.Md.1975). *See also Martin v. Merola*, 532 F.2d 191 (2d Cir. 1976) (prisoners' § 1983 damages action challenging fairness of pending state prosecution dismissed).

■ Although plaintiff brought this action pursuant to 42 U.S.C. § 1983, his primary claim is essentially that his conviction and sentence were unfairly rendered. The proper remedy for these alleged constitutional violations is a writ of habeas corpus, which requires exhaustion of state remedies.

■ Moreover, plaintiff's claim for money damages must be dismissed because Russotti is immune from suit for damages under the rule in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The Supreme Court in *Imbler* held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431, 96 S.Ct. at 995. The Court, however, also recognized that only qualified immunity would attach to a prosecutor's acts performed in his investigatory or administrative role. *Id.* at 430–31, 96 S.Ct. at 994–995. *See also Briggs v. Goodwin*, 569 F.2d 10 (D.C.Cir.1977), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978). The Court of Appeals for this Circuit in *Lee v. Willins*, 617 F.2d 320 (1980), recently endorsed an approach that determines whether the defense of absolute immunity applies by reference to the type of harm allegedly suffered:

"Under this analysis, a prosecutor is immune from a suit to recover for an injury arising solely from the prosecution itself— e. g., being compelled to stand trial or to suffer imprisonment or pretrial detention. Such harm must always result in substantial part from the protected activities of initiating or presenting the state's

case. Where the alleged harm is inflicted independently of the prosecution, however, absolute immunity will not attach." *Id.* at 322 (citations omitted).

Plaintiff argues that since Russotti entered into the agreement during the investigation of the homicide suspect, Russotti committed the alleged constitutional violations in his investigatory capacity. This argument is unpersuasive since the acts complained of allegedly occurred in Russotti's effort to coerce plaintiff's guilty plea. These acts fall within Russotti's role as an advocate and therefore trigger absolute immunity. *See Palermo v. Warden,* 545 F.2d 286 (2d Cir.), *cert. dismissed,* 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1976) (prosecutor absolutely immune from suit for damages alleging nonfulfillment of negotiated plea agreement).

█ The court notes that plaintiff's complaint also presents a claim that is not barred by the exhaustion requirement or the defense of prosecutorial immunity. In addition to claiming that his guilty plea was coerced, plaintiff alleges that Russotti's act of confining him in segregation by itself constituted a violation of his First, Fifth and Fourteenth Amendment rights. This claim does not challenge the validity of his conviction and was properly brought pursuant to § 1983 rather than as a petition for writ of habeas corpus. Plaintiff also alleges at one point in his complaint that he was placed in segregation to ensure his testimony before the grand jury in the homicide indictment. If this was Russotti's purpose, he may not claim the defense of absolute immunity. The Court of Appeals noted in dicta in *Lee v. Willins, supra* at 322, that "a prosecutor might not enjoy absolute immunity from suit by a witness who was allegedly threatened and imprisoned to obtain his perjured testimony." Apparently, the Court of Appeals' position is that absolute prosecutorial immunity does not extend to misconduct committed against a *witness* in a prosecutor's effort to obtain the witness'

testimony. The conclusion that absolute immunity does not attach to these acts is also supported by the fact that plaintiff was placed in segregation before the homicide suspect was even indicted. It cannot be said therefore that the alleged constitutional violations resulted from Russotti's initiating and presenting the state's case against the homicide defendant.

These allegations, however, are incidental to plaintiff's primary claim that his guilty plea was coerced and must also be dismissed pending determination of the legality of his conviction in the state courts.

█ Finally, plaintiff requests injunctive relief in the form of transfer to a federal facility, removal of his name from the separation cards and prohibition of further solitary confinement. These requests must be dismissed as well since the proper party, the warden of the prison in which plaintiff is jailed, is not before the court.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. This dismissal is without prejudice to his right to petition the federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting available state remedies and to refile his claim for monetary damages which is not barred by prosecutorial immunity after the resolution of the underlying question of the validity of his conviction and sentencing by the courts of the State of New York.

So ordered.