**Miguel MATOS, Plaintiff,**

v.

**John QUEALY, et al., Defendants.**

**No. 80 Civ. 4890 (CBM).**

United States District Court,
S. D. New York.

Feb. 17, 1981.

Miguel Matos, plaintiff, pro se.

Allen G. Schwartz, Corp. Counsel, New York City by Bradley Sacks, Regina C. Saat, New York City, for defendants Quealy, Saitta, Porter and Abrahamsen.

Edward G. McCabe, County Atty. for Nassau County, New York City by Andrew J. Schatkin, Mineola, for defendant Cuddy.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, Miguel Matos, a New York State prisoner, brought this action pro se pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging that the defendant maliciously conspired to prosecute him by falsifying

and fabricating evidence in order to obtain his conviction on two counts of second degree murder. Matos also alleges that his confession was coerced. He seeks compensatory and punitive damages in the amount of Two Million Dollars.

Defendants John Quealy, James Porter, James Saitta and Robert Abrahamsen are detectives with the New York City Police Department. Defendant John Cuddy is a Special Investigator for the District Attorney of Nassau County. The other named defendants are apparently private citizens who aided the police in their investigation of Matos. Defendants Quealy, Saitta and Cuddy moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendants Porter and Abrahamsen moved to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction on the ground that they were never served with process. For the reasons discussed below, this action is dismissed as to all defendants.

Matos was arrested on March 12, 1979, and confessed to the arresting officers that he had committed the murders of two people in January, 1979. Justice Greenfield of the New York Supreme Court, County of New York, denied Matos' motion to suppress his confession after a pretrial *Huntley* hearing. On May 19, 1980, Matos was convicted after trial by jury of two counts of murder in the second degree. His motion to set aside the verdict was denied. He was sentenced to twenty-five years to life imprisonment. Matos' appeal from his judgment of conviction to the Appellate Division of the New York Supreme Court is presently pending.

Defendants contend that the doctrine of collateral estoppel precludes relitigation of the issues decided adversely to Matos at the pretrial *Huntley* hearing. The Court of Appeals for the Second Circuit held in *Thistlethwaite v. City of New York*, 497 F.2d 339 (2d Cir.), *cert. denied*, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974), that plaintiffs were barred by res judicata from relitigation in a federal civil rights action the question of the constitutionality of a local park ordinance already determined against plaintiffs in a state court criminal trial for violating the ordinance. In *Rodriguez v. Beame*, 423 F.Supp. 906 (S.D.N.Y.1976), Judge Pollack held that a decision rendered on a suppression motion in a *Huntley* hearing, followed by conviction on the relevant criminal charges, was a "final judgment" for purposes of collateral estoppel, and therefore barred a prisoner's § 1983 suit raising the same issues.

The Supreme Court recently affirmed the applicability of collateral estoppel to federal civil rights actions in *Allen v. McCurry*, 449 U.S. 90, 102, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980):

"... nothing in the language or legislative history of § 1983 proves any congressional intent to deny binding effect to a state court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights. And nothing in the legislative history of § 1983 reveals any purpose to afford less deference to judgments in state criminal proceedings than to those in state civil proceedings. There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."

In *Allen v. McCurry, supra*, a Missouri court had denied, in part, respondent McCurry's motion to suppress unconstitutionally seized evidence after a hearing before McCurry's criminal trial. McCurry was subsequently convicted. McCurry then brought a § 1983 suit for damages against the police officers who seized the evidence to redress the alleged constitutional violations. The federal district court granted summary judgment for the defendants on the ground that collateral estoppel prevent-

ed McCurry from relitigating the search and seizure question already decided against him in the state court. The Court of Appeals for the Eighth Circuit reversed, holding that since McCurry was barred from federal habeas corpus relief under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), he should be allowed to raise his constitutional claim in a federal forum through a civil rights action. The Supreme Court held that the Court of Appeals erred in holding that a state prisoner's inability to obtain habeas corpus relief renders the doctrine of collateral estoppel inapplicable to his § 1983 suit, and reversed.

■ It is clear from the decisions discussed above that this court must grant summary judgment to the defendants pursuant to Fed.R.Civ.P. 12(b)(6) and 56 as to Matos' claim that his confession was illegally obtained since he has already litigated this issue at the *Huntley* hearing held before his criminal trial.

■ The gist of Matos' other claims is that he was arbitrarily arrested and illegally convicted on the basis of fabricated evidence. While Matos brought this action to recover damages pursuant to 42 U.S.C. § 1983, his suit in essence challenges the fact of his imprisonment. The reasoning and policy of *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), as well as the considerations of comity underlying *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), require that a federal district court dismiss or stay a state prisoner's civil rights suit for damages, especially one brought during the pendency of a state proceeding for review of the conviction, when its disposition would require the federal court to rule on the validity of the state conviction and the prisoner has not exhausted available state remedies. *Guerro v. Mulhearn*, 498 F.2d 1249 (1st Cir. 1974); *Holland v. Rubin*, 460 F.Supp. 1051 (E.D.N.Y.1978); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 345 (5th Cir.), *cert. denied*, 434 U.S. 969, 98

S.Ct. 517, 54 L.Ed.2d 457 (1977); *see also, Martin v. Merola*, 532 F.2d 191 (2d Cir. 1976) (prisoners' § 1983 damages action challenging fairness of pending state prosecution dismissed).

Accordingly, this action is dismissed as to all defendants. This dismissal is without prejudice to Matos' right to petition the federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and to refile his claims for money damages which are not barred by collateral estoppel, after exhausting available state remedies.

SO ORDERED.