Kerry FLAHERTY, Plaintiff,

v.

Maurice NADJARI, a Special State Prosecutor; Walter Bottger, Ass't. Special State Prosecutor; and Thomas Lowe, a special investigator, Defendants.

No. 76 Civ. 1900.

United States District Court, E. D. New York.

Oct. 5, 1982.

Kerry Flaherty, pro se.

Zuckerbrod & Taubenfeld, Robert Abrams, Atty. Gen., New York City, for defendants.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge:

Plaintiff, a New York State prisoner, brings this civil rights action under 42 U.S.C. §§ 1983 and 1985, seeking damages from Maurice Nadjari, a former Special State Prosecutor; Walter Bottger, one of his former assistants; and Thomas Lowe, a former special investigator. The charge is that they wrongfully interfered with the

plaintiff's attorney-client relationship so as to deprive him of his right to effective assistance of counsel.

Claiming an absolute immunity, defendants have moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure (FRCP). Because I find that the plaintiff is in fact challenging the legality of his confinement, this action is in the nature of a habeas corpus petition, despite the civil rights characterization made by plaintiff. Accordingly, the action must be stayed, pending exhaustion of state remedies.

## THE FACTS

In February, 1974, plaintiff and a co-defendant were indicted in Queens County for armed robbery. In January, 1975, plaintiff's mother approached the office of the Special Prosecutor, Maurice Nadjari, seeking leniency for her son. His mother stated to defendant Bottger that the plaintiff had information concerning narcotics smuggling. She also represented that plaintiff knew of an attempt by the attorney for plaintiff's co-defendant to bribe the trial judge in order to obtain a suspended sentence for the co-defendant. Although the plaintiff vaguely alleges that he was promised leniency in return for this information, the defendants state that the promise was merely to inform the authorities of the plaintiff's co-operation if that co-operation were "materially helpful" to the Special Prosecutor's Office. (Defendant's 9 G Statement, Paragraph 3)

Shortly after the meeting between Bottger and plaintiff's mother, Special Investigator Thomas Lowe interviewed the plaintiff about the allegations made by his mother. According to Lowe's affidavit, plaintiff indicated that his girlfriend would supply the information relating to the narcotics. The information was provided, but not until after the plaintiff's trial and conviction on January 21, 1975. Bottger's affidavit states that "she gave my office no information of substance, but was referred to the federal authorities anyway." (Bottger Affidavit at 3)

As to the alleged bribery attempt, the Special Prosecutor's Office arranged to have plaintiff's mother wear an electronic device and meet with the plaintiff's co-defendant and his attorney. The meeting, according to Bottger's affidavit, "produced no useful or reliable evidence, nor did it tend to substantiate the reliability of plaintiff's information." (Bottger Affidavit at 3-4)

The undercover work performed by plaintiff's mother bears directly upon plaintiff's claim that defendants deprived him of the effective assistance of counsel. The trial was to begin on January 13, 1975. Plaintiff contends that defendant Lowe requested him to obtain an adjournment, and also suggested that plaintiff "fire" his attorney if an adjournment was not forthcoming. (Plaintiff's Verified Complaint, paragraph 23) The conversation between plaintiff's mother and plaintiff's co-defendant apparently did not take place until January 15. Plaintiff, therefore, suggests that the prosecution, not wishing to risk the loss of plaintiff's co-operation, substantially interfered with his right to effective assistance of counsel by advising plaintiff to release his attorney in order to procure an adjournment. Although the Court did not grant plaintiff's request, he submits that the request occasioned a "total breakdown in communication and trust between [the plaintiff] and [his attorney]."

On January 21, 1975, after a trial by jury, plaintiff was found guilty of robbery and of possession of a weapon. He was sentenced to concurrent terms of 10 to 20 years on the robbery counts and 3 to 6 years on the weapon count. The Appellate Division (2d Dep't) affirmed the conviction, and leave to appeal to the New York Court of Appeals was denied in August, 1976. The plaintiff filed a habeas corpus petition in this Court in June, 1980, challenging his conviction on three separate grounds: (1) denial of his constitutional right to counsel of his own choosing; (2) denial of his constitutional right to proceed *pro se* at trial; and (3) deprivation of his constitutional right to a fair trial, owing to juror misconduct and

bias. On November 6, 1981, Judge Mishler dismissed plaintiff's habeas corpus petition. He now brings this Civil Rights action.

## DISCUSSION OF LAW

■ Plaintiff has brought this action under the expansive rubric of §§ 1983 and 1985 of the Civil Rights law. If plaintiff's characterization is apt, this Court must undertake a factual resolution of the matters he alleges. Exhaustion of state remedies is not required. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). If, however, the gravamen of the complaint is in the nature of a habeas corpus petition, exhaustion of state remedies must precede consideration by this Court. *Parkhurst v. Wyoming,* 641 F.2d 775 (10th Cir. 1981); *Delaney v. Giarrusso,* 633 F.2d 1126 (5th Cir. 1981); *Keenan v. Bennett,* 613 F.2d 127 (5th Cir. 1980); *Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir. 1974); *Matso v. Quealy,* 524 F.Supp. 15 (S.D.N.Y.1981); *Carter v. Newburgh Police Dep't,* 523 F.Supp. 16 (S.D.N.Y.1980). *Accord, Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Martin v. Merola,* 532 F.2d 191 (2d Cir. 1976); *Holland v. Rubin,* 460 F.Supp. 1051 (E.D.N.Y.1978).

■ New York Criminal Procedure Law, § 440.10, enumerates grounds for a motion to vacate judgment, and constitutes a sufficient state remedy for the deprivation of constitutional guarantees alleged by plaintiff. Inasmuch as plaintiff has not sought redress from the state courts on his present allegation, he has not satisfied the exhaustion requirement.[1] Accordingly, if the plaintiff's claim is essentially a habeas corpus petition, the defendants' motion for summary judgment must be granted. *See Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilson v. Fogg,* 571 F.2d 91 (2d Cir. 1978).

■ Consideration of this problem must begin with *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In that case, the Supreme Court looked both to the nature of the plaintiff's challenge and to the relief sought: "[W]hen a state prisoner is challenging the very fact or duration of his ... imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841. Plaintiff seeks a declaration that his conviction was without effect. *Preiser* thus compels the conclusion that plaintiff's claim is in the nature of a habeas corpus petition; the exhaustion requirement consequently applies.

Were overturning his conviction plaintiff's sole objective, this case would fall squarely within the rule of *Preiser.* This case, however, has an additional feature: plaintiff also seeks damages for his confinement. Several cases have "held that the reasoning and policy of *Preiser,* as well as the consideration of comity underlying *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971) ... require a federal court to dismiss or stay § 1983 actions for money damages when their dispositions would involve a ruling on the validity of a state conviction." *Doe v. Russotti,* 503 F.Supp. 942, 944 (S.D.N.Y.1980).

■ Therefore, the sole remaining question is whether the proper procedure is a stay or a dismissal of the action. For the reasons set forth below, the § 1983 Civil Rights action is stayed, to permit plaintiff to obtain relief in a state proceeding.

■ Dismissal is inappropriate here because a review of the record indicates that

---

1. As previously noted, plaintiff has previously brought a habeas corpus petition challenging the same conviction at issue here. Both Habeas Corpus Rule 9(b) and Criminal Procedure Law § 440.10(3)(c) allow a court to dismiss the petition (without reaching the merits) if the petitioner could have raised his claim for relief in a previous petition. Because the plaintiff has not had an opportunity to show that his

failure to include his new claim in the previous petition was excusable, I cannot now determine that a new petition would constitute an abuse of the writ. *Sanders v. United States,* 373 U.S. 1, 10, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1963); Advisory Committee Note, Rule 9(b). Comity, therefore, requires me to afford the New York Courts an opportunity to address this issue.

defendants Lowe and Bottger were acting in their investigative capacities, which are not accorded absolute immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Lee v. Willins,* 617 F.2d 320 (2d Cir. 1980). Since defendants Lowe and Bottger are entitled only to qualified immunity, the issue of their good faith must be addressed. *See Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1977). Additionally, the issue of defendant Nadjari's personal participation in the investigation needs to be resolved at trial. Insofar as there are material factual issues to be resolved in the § 1983 claim, that claim will be stayed, pending plaintiff's exhaustion of state remedies and the outcome of the New York courts' review of the constitutionality of the plaintiff's state conviction.[2] *Delaney v. Giarrusso,* 633 F.2d 1126 (5th Cir. 1981); *Landrigan v. City of Warwick,* 628 F.2d 736 (1st Cir. 1980); *Carter v. Newburgh Police Dep't,* 523 F.Supp. 16 (S.D.N.Y.1980).

SO ORDERED.

---

2. The § 1985(3) claim alleging that the defendants conspired to violate the plaintiff's constitutional rights, however, is dismissed. The plaintiff does not allege any racial or other class-based discriminatory animus behind the alleged conspirators' actions. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Morpurgo v. Board of Education of the City of New York,* 423 F.Supp. 704, 711 (S.D.N.Y.1976).