**Justo RICHARDS, Plaintiff,**

v.

**Thomas GISCOME, "John" Cordero, Kirk Bennett, Daniel Hays, "Jane" Di Mango, Hon. Joseph Lombardo, "John" Giovanniello, "John" Kohn, "John" Corbett, Defendants.**

No. 83 Civ. 1388.

United States District Court, E.D. New York.

July 31, 1984.

Justo Richards, pro se.

Elizabeth A. Bryson, Asst. Corp. Counsel, Randolph Volkell, Asst. Atty. Gen., New York City, Owen W. Daley, John Giovanniello, Brooklyn, N.Y., Emily Remes, Patterson, Belknap, Webb & Tyler, New York City, Leo Kimmel, Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Pro se plaintiff Justo Richards brings this action pursuant to 42 U.S.C. § 1983 and § 1985(3), alleging that defendants deprived him of various constitutional rights. Defendants Lombardo, Di Mango, Cordero, Giovanniello and Hays have moved to dismiss the complaint. For the reasons set forth below, the complaint is dismissed in its entirety.

### The Complaint

Plaintiff was convicted in the Supreme Court, Kings County, of second degree murder and criminal possession of a weapon in the second degree arising out of transactions involving a Panamanian lottery ticket. In the unnumbered para-

graphs of his complaint, plaintiff alleges the following violations of his rights by defendants which occurred in connection with his conviction.

Plaintiff asserts that defendant Lombardo, the judge who presided over plaintiff's trial and sentencing, violated his rights by demonstrating bias at his trial. Specifically, plaintiff charges that Lombardo improperly admitted as evidence certain statements, determined that plaintiff had knowledge of the law, and engaged in conversation at the bench with defendant Giscome during a trial recess.

As to defendant Di Mango, an Assistant District Attorney who participated in plaintiff's prosecution, plaintiff alleges failure to aid plaintiff in obtaining an attorney. Plaintiff also states that Di Mango falsely testified that she did not know that the victim's son was in the police station line-up.

Plaintiff alleges that defendant Bennett, another assistant prosecutor, improperly informed the Court that plaintiff was an interested witness, schooled witnesses to testify falsely against plaintiff, and used plaintiff's prior convictions against him. It is also charged that Bennett was involved in having an improper indictment issued against plaintiff, and that he also slandered plaintiff.

As to defendant Hays, a reporter, plaintiff alleges that the newspaper Daily News slandered plaintiff by not setting forth the true facts surrounding plaintiff's trial. Defendant Giscome, a private investigator, is alleged to have arrested a third person involved with the lottery ticket transactions without probable cause, schooled witnesses to testify falsely against plaintiff, altered evidence admitted during plaintiff's trial and slandered plaintiff.

Defendant Cordero allegedly fraudulently aided and abetted plaintiff's conviction by tampering with evidence, testifying falsely and taking plaintiff's note pad and not returning it.

Defendants Giovanniello, Kohn and Corbett, all attorneys, are charged with depriving plaintiff of his right to adequate representation at trial. Most of plaintiff's specific allegations in this connection are directed toward defendant Corbett, and complain of Corbett's inattention to plaintiff's case and allege additional improper conduct by Corbett.

As relief, plaintiff seeks to recover $2,750,000 in damages and the $5,000 allegedly due him as the winner of the Panamanian lottery ticket. In addition, plaintiff concludes the complaint by stating that he "is being held in various State detention institutions" in violation of the Constitution.

*Discussion*

It is fair to state, at the outset, that this is an action in which plaintiff has rather freely availed himself of the federal judicial process. In addition to filing the instant motion, plaintiff subsequently instituted two additional actions before me, with docket numbers 83 Civ. 3869 and 83 Civ. 5166. Both actions name a multiplicity of defendants, including court officials and courts themselves. In all three actions, plaintiff in effect complains of conduct surrounding his state criminal convictions.[1] In each of these actions, plaintiff has not hesitated to file motions for judgment on the pleadings or for summary judgment (often without adherence to local motion rules) while earlier-filed motions by defendants were pending and to file demands for interrogatories and like discovery requests. Plaintiff has also responded, using various captions, to nearly every paper filed by any of the defendants; as to this, I have construed these pro se papers liberally as replies (to defendants' answers) or as memoranda opposing the various motions made by defendants. *See Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983) (example of liberal construction of plaintiff's pro se § 1983 papers).

Mindful of this Circuit's preference that pro se prisoner § 1983 complaints be

---

**1.** The allegations in 83 Civ. 5166 arise from the same state conviction discussed herein. The claims in 83 Civ. 3869 concern a state conviction on a different charge.

served and not dismissed *sua sponte*, I ordered service of the complaint herein. *Robles v. Coughlin, supra*, 725 F.2d at 16. After examining the various motion papers and pleadings carefully, I find that although plaintiff seeks to recover damages in this action, his suit essentially challenges the fact of his imprisonment.[2] *See Matos v. Quealy*, 524 F.Supp. 15 (S.D.N.Y.1981). The *Matos* court stated in relevant part:

> The reasoning and policy of *Preiser v. Rodriguez*, 411 U.S. 475 [93 S.Ct. 1827, 36 L.Ed.2d 439] ... (1973) ... as well as the considerations of comity underlying *Younger v. Harris*, 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669] ... (1971) and *Samuels v. Mackell*, 401 U.S. 66 [91 S.Ct. 764, 27 L.Ed.2d 688] ... (1971), require that a federal court dismiss or stay a state prisoner's civil rights suit for damages ... when its disposition would require the federal court to rule on the validity of the state conviction and the prisoner has not exhausted available state remedies.

*Id.* at 17 (citations omitted).[3] The proper mode by which a prisoner should challenge a conviction is by petitioning the federal district court for a writ of habeas corpus in accordance with the requirements of 28 U.S.C. § 2254. It is clear from documents submitted in this action that plaintiff's appeal of his state court conviction is currently still being adjudicated by the state courts. Thus, it is abundantly clear that this action should be dismissed based on the reasoning of *Matos v. Quealy, supra*, and *Younger v. Harris*, cited therein.[4]

*Conclusion*

For the reasons set forth above, this action is dismissed as to all defendants.

This dismissal is without prejudice to plaintiff's right to petition the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhausting available state remedies.

SO ORDERED.

**2.** The only claim asserted by plaintiff not specifically challenging the fact of his conviction is his allegation of defamation on the part of defendant Hays, a reporter for the Daily News, who allegedly wrote an article entitled, "Lottery Ticket Killer Gets Maximum Term," which appeared in the newspaper's January 6, 1983 edition. Hays' counsel correctly asserts that the reporter's alleged action is not actionable under § 1983 due to plaintiff's failure to allege state action, and because injury to reputation, even by a state actor, is not actionable under this section. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Similarly, the al-

leged conduct of Hays is not actionable under § 1985(3). *See infra* note 3.

**3.** To the same effect, *see Howard v. Koch*, 575 F.Supp. 1299, 1304 (E.D.N.Y.1982) (Costantino, J.); *Flaherty v. Nadjari*, 548 F.Supp. 1127, 1129 (E.D.N.Y.1982) (McLaughlin, J.).

**4.** Plaintiff's § 1983(3) claims must also be dismissed. This is so because plaintiff has failed to allege any racial or class-based discriminatory animus behind defendants' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).