Hermen **PETERSON**, Plaintiff,

v.

David A. **MURANTE** and Brian M. **McCarthy**, Defendants.

No. CIV–86–451T.

United States District Court, W.D. New York.

Nov. 23, 1987.

Hermen Peterson, pro se.

David A. Murante, Rochester, N.Y., pro se.

Christine E. Burke, Rochester, N.Y., for McCarthy.

## I. INTRODUCTION

TELESCA, District Judge.

Plaintiff, *pro se*, brings this action pursuant to 42 U.S.C. Section 1983 alleging that the defendants individually and together, violated his constitutional rights during the course of his suppression hearing and trial in New York State Supreme Court. As

relief, plaintiff seeks monetary damages in the sum of Three Million Dollars, ($3,000,000.00) per defendant. By order dated August 19, 1986, I granted defendant McCarthy's motion for summary judgment pursuant to Fed.R.Civ.P. 56(b) and for an order pursuant to Fed.R.Civ.P. 54(b) for entry of final judgment dismissing the complaint as to him. The case now comes before me on defendant Murante's motion for summary judgment and for entry of final judgment pursuant to Fed.R.Civ.P. 56 and 54(b), respectively. For the reasons that follow, defendant Murante's motion is denied.

## II. FACTS

In 1983 plaintiff was charged with Criminal Possession of a Controlled Substance (heroin) in the third degree, and was subsequently indicted on the charge. Counsel was appointed to represent the plaintiff, however, plaintiff became dissatisfied with that representation and requested that new counsel be assigned. In September 1985, Justice David O. Boehm of the Supreme Court of the State of New York assigned David A. Murante, Esq. to represent the plaintiff. The matter was tried in October, 1985, and plaintiff was convicted. Brian M. McCarthy was the Assistant District Attorney who prosecuted the case.[1]

In the present action, plaintiff contends that Attorney Murante withheld from him a private investigator's report "which proved that perjury was being used against plaintiff." Plaintiff also alleges that his attorney failed to present the testimony of "a helpful witness" and failed to object to the introduction of evidence at his trial. As a result, plaintiff claims that defendant Murante violated his constitutional right to a fair trial and seeks damages of Three Million Dollars "for mental anguish and hardship," and "for the violation of plaintiff's civil rights." (Plaintiff's complaint).

## III. DISCUSSION

### A.

It is a well settled principle "that a court may raise the issue of subject matter juris-

diction at any time, *sua sponte.*" *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir.1981). This case raises the interesting and, as of yet, unsettled jurisdictional question of the role the District Court should assume in adjudicating Section 1983 claims for damages arising out of an unlawful conviction. To fully address the issue I must consider the " 'ambiguous borderland' between habeas corpus and Section 1983." *McKinnis v. Mosely*, 693 F.2d 1054, 1056 (11th Cir.1982) (quoting M. Bator, P. Mishkin, D. Shapiro, H. Wechler, Hart and Wechsler's *The Federal Courts and The Federal System* 415 (1981 Supp.)).

"[H]abeas corpus and civil rights actions are of fundamental importance ... in our constitutional scheme because they directly protect our most valued rights." *Bounds v. Smith*, 430 U.S. 817, 827, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Perhaps the most significant difference between these two types of actions is the exhaustion requirement in habeas corpus actions. *Cf. Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), 28 U.S.C. § 2254(b). Prior to filing a petition for habeas corpus in the Federal District Court, the prisoner must exhaust his State remedies by fully presenting the issues to the State Appellate Courts. *See Rose v. Lundy, supra; Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982). However, there is no such exhaustion requirement in claims brought under 42 U.S.C. Section 1983. *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that the only available Federal remedy for a State prisoner "challenging the very fact or duration of his physical imprisonment" and seeking injunctive relief in the form of immediate or speedier release from the imprisonment, is a writ of habeas corpus. 411 U.S. at 500, 93 S.Ct. at 1841. The following year in

---

**1.** The complaint was dismissed as to defendant McCarthy on the basis of absolute immunity as announced in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

*Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while *Preiser* precluded injunctive relief under Section 1983 for claims challenging one's confinement, actions for declaratory or monetary relief, if properly brought under Section 1983, could go forward. The prisoners in *Wolff* challenged the validity of prison procedures for punishing inmate misconduct, and did not challenge the validity of their underlying convictions.

In *Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), the Court expressly reserved on the issue before me today, stating "We therefore have no occasion to decide if a Federal District Court should abstain from deciding a Section 1983 suit for damages stemming from an unlawful conviction pending the collateral exhaustion of State–Court attacks on the conviction itself." 467 U.S. at 923, 104 S.Ct. at 2826. Nor has the Second Circuit, to date, decided the question. For the reasons that follow, I conclude that plaintiff's claim is more properly treated as a petition for a writ of habeas corpus, requiring exhaustion of State remedies. However, rather than dismissing the civil rights action and possibly precluding plaintiff from ever raising his claim for damages again, I will order that action be stayed pending exhaustion of State remedies.

### B.

The doctrine of comity is "a doctrine which teaches that one Court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers ... have had an opportunity to pass upon the matter." *Fay v. Noia,* 372 U.S. 391, 419, 83 S.Ct. 822, 838, 9 L.Ed.2d 837 (1963). It is this doctrine which has prompted many courts to hold that a Federal Court should not act on Section 1983 claims for money damages when their dispositions would require a ruling on the validity of the underlying State conviction. *Hadley v. Werner,* 753 F.2d 514 (6th Cir.1985); *Parkhurst v. Wyoming,* 641 F.2d 775 (10th Cir.1981); *Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir.1974); *Richards v. Giscome,* 597 F.Supp. 40 (E.D.N.Y.1984); *Flaherty v.*

*Nadjari,* 548 F.Supp. 1127 (E.D.N.Y.1982); *Matos v. Quealy,* 524 F.Supp. 15 (S.D.N.Y. 1981); *Doe v. Russotti,* 503 F.Supp. 942 (S.D.N.Y.1980).

By alleging that Attorney Murante's actions denied him his constitutional right to a fair trial, plaintiff essentially is challenging the constitutionality of his conviction. The purpose underlying the habeas corpus exhaustion rule is to provide the State courts the first opportunity to correct a constitutional violation. *Fay v. Noia, supra.* The Supreme Court has clearly announced that the concept of "Our Federalism" represents "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect Federal rights and Federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Were I to hold today that plaintiff could pursue his Section 1983 claim as stated, I would be ruling on the validity of his conviction before the Courts of New York have had the opportunity to do so and as such my holding would stand in glaring contradiction to the well-settled principles announced in *Younger v. Harris, supra.* The doctrine of comity mandates that plaintiff be required to first exhaust his State remedies prior to bringing this action under 42 U.S.C. Section 1983.

### IV. CONCLUSION

For the foregoing reasons, I find that plaintiff's claim is more appropriately pursued as a Petition for a Writ of Habeas Corpus, in accordance with 28 U.S.C. Section 2254, because plaintiff's primary claim is that his conviction and resulting sentence were rendered unfairly thus falling within the definition of the remedy provided in Section 2254. Plaintiff's civil rights action under 42 U.S.C. Section 1983 is hereby stayed pending exhaustion of State remedies in the New York State Courts.

ALL OF THE ABOVE IS SO OR-DERED.