**Herbert WASHINGTON, Plaintiff,**

v.

**George SHEINBERG and Robert Holt, Defendants.**

**No. 88 CV 900.**

United States District Court, E.D. New York.

July 21, 1989.

Edward F. McGuinness Jr., East Northport, N.Y., for plaintiff Herbert Washington.

Sheft, Wright & Sweeney, New York City, for defendant George Shienberg.

Robert Holt, Brooklyn, N.Y., pro se.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant George Sheinberg moves pursuant to Fed.R.Civ.P. 12(b)(6) for an order dismissing the Complaint. For the reasons discussed below, the motion is granted.

### FACTS

On March 23, 1988, plaintiff, then appearing *pro se*, filed this Complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants conspired to deprive him of due process, equal protection and his right under the eighth amendment to be free of cruel and unusual punishment. Plaintiff demands $250 million in damages and an unconditional release from custody.

On January 27, 1988, plaintiff was convicted of manslaughter in the first degree for the beating death of his three-year old son. The direct appeal of this conviction is pending. Defendant Sheinberg acted as plaintiff's court-appointed trial counsel. Defendant Robert Holt was assigned by the trial court as an investigator to aid in the defense. In the Complaint, plaintiff avers that certain acts and omissions by defendants deprived him of his right to a fair trial. The specific allegations set forth in the Complaint, which for purposes of this motion are deemed true, follow.

Plaintiff requested Sheinberg to obtain various documents including "deceased Birth Records, School Medical Records for people's witness." Complaint at 1. Sheinberg deliberately failed to order the records because plaintiff was indigent. Sheinberg also failed to visit plaintiff while he was incarcerated to help prepare a defense. *Id.*

Plaintiff further alleges that a list of defense witness, along with their addresses and telephone numbers, was given to both Sheinberg and Holt. Neither Sheinberg nor Holt contacted these potential witnesses. *Id.*

Prior to plaintiff's trial, statements made by the State's witnesses tending to exculpate plaintiff were given by the prosecutor to Sheinberg. Plaintiff did not learn of the existence of the statements until the trial was over. Sheinberg never used the statements for cross-examination purposes. *Id.* at 2, 3–4. Sheinberg also deliberately withheld from plaintiff copies of the trial minutes. *Id.* at 3. Despite plaintiff's request, Sheinberg further failed to file certain motions.

Finally, Sheinberg and the prosecutor cooperated in suborning perjury at plaintiff's trial, *id.* at 3, and Sheinberg "engaged in a deliberate conspiracy to hide the truth from the trial court and trial jury and aided [the prosecutor] in an illegal conviction along with the help of [defendant Holt]."

Defendant Sheinberg now moves to dismiss the Complaint on the ground that it does not state a claim under § 1983.[1] Spe-

1. Defendant Holt, appearing *pro se*, filed an affidavit in support of Sheinberg's motion to dismiss on August 5, 1988. Holt does not, however, also move pursuant to Rule 12(b)(6) on his own behalf. The record also indicates that Holt was served with the Complaint on June 13, 1988

cifically, Sheinberg alleges that (1) the relief plaintiff seeks is cognizable only under 28 U.S.C. § 2254; (2) he is not a person acting under color of state law; (3) plaintiff's ineffective assistance of counsel claim is not cognizable under § 1983; and (4) the conspiracy claims are vague and conclusory. Subsequent to the filing of this motion, *pro bono* counsel was appointed and the return date of the motion was adjourned to June 1, 1989.

## DISCUSSION

The determination of whether this action is properly brought under § 1983 must begin with an examination of *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

In *Rodriguez,* the Supreme Court concluded that where a state prisoner challenges the fact or duration of his confinement, the appropriate vehicle for vindication of his rights is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* 411 U.S. at 489–90, 93 S.Ct. at 1836. In such a case, exhaustion of state remedies must preceed consideration of the petition by the federal court. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Where, however, the state prisoner is seeking damages,

> he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy.

*Rodriguez, supra,* 411 U.S. at 494, 93 S.Ct. at 1838 (emphasis supplied). Exhaustion of state remedies under this scenario is not required. *Id.*

■ The Complaint in this action is replete with allegations that plaintiff's conviction and confinement are illegal, that plaintiff's counsel was constitutionally ineffective and that he was denied a fair trial.

Plaintiff's prayer for immediate release from confinement is clearly not cognizable in § 1983. Determination of the legality of the fact of his confinement must be brought by way of a habeas corpus petition, upon exhaustion of state remedies.

■ If overturning his conviction was plaintiff's sole objective, dismissal of the Complaint would be mandated by *Rodriguez.* Plaintiff, however, also seeks $250 million in damages. Plaintiff's entitlement to damages from his court-appointed counsel and investigator turns on a determination of the validity of his conviction. *See Peterson v. Murante,* 673 F.Supp. 669, 671 (W.D.N.Y.1987) (prisoner's complaint seeking damages from trial counsel stayed pending exhaustion of state remedies). Under these circumstances, a stay or dismissal of the action is appropriate. *See id.; Richards v. Giscome,* 597 F.Supp. 40, 42 (E.D.N.Y.1984), *aff'd without opinion,* 762 F.2d 991 (2d Cir.1985); *Howard v. Koch,* 575 F.Supp. 1299, 1304 (E.D.N.Y.1982); *Flaherty v. Nadjari,* 548 F.Supp. 1127, 1129 (E.D.N.Y.1982); *Matos v. Quealy,* 524 F.Supp. 15 (S.D.N.Y.1981); *Doe v. Russotti,* 503 F.Supp. 942 (S.D.N.Y.1980); *see also Mack v. Varelas,* 835 F.2d 995, 998 (2d Cir.1987).

> The reasoning and policy of *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), as well as the considerations of comity underlying *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), require that a federal district court dismiss or stay a state prisoner's civil rights suit for damages, especially one brought during the pendency of a state proceeding for review of the conviction, when disposition would require the federal court to rule on the validity of the state conviction and the prisoner has not exhausted available state remedies.

*Matos, supra,* 524 F.Supp. at 17.

If on appeal, plaintiff's conviction is vacated and a retrial produces an acquittal,

---

and that the Clerk of the Court noted Holt's default in this action on August 1, 1988. Because of the Court's decision today, no judgment of default will be entered at this time. In the event that this action is reopened, the Court will entertain arguments for default.

he may then be entitled to seek damages for his unlawful confinement. It is thus appropriate at this juncture to stay the action pending resolution of both the direct appeal of plaintiff's conviction and any state post-conviction remedies plaintiff may be required to exhaust. *See Peterson, supra,* 673 F.Supp. at 671.

## CONCLUSION

Defendant Sheinberg's motion to dismiss is hereby granted only to the extent that the dismissal is without prejudice to reopening pending exhaustion of state remedies.

SO ORDERED.